LATASHA NICOLE CREER
812 1/2 5TH STREET
VALLEJO, CA 94590
(707) 342-3051

IN PRO SE

**FILED**
JUN 16 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LATASHA NICOLE CREER,

    Plaintiff,

vs.

CITY OF VALLEJO, et., al.,

    Defendant

Case No. 2:14-CV-1428 JAM DAD PS

**PLAINTIFF'S 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT AND DEMAND FOR JURY TRIAL**

## CLAIMS

1. Defendants Vallejo Police Officers Knight #550, Long #661, Martinez #658 and Does 1-20 violated Plaintiff's rights under the Fourth Amendment of the United States Constitution not to be unreasonably detained and subjected to excessive force when officers detained innocent, unarmed, non-threatening female Plaintiff, without reasonable suspicion or probable cause to detain her at gun point. Tekle v. United States, 511 F.3d 839 (9th Cir. 2007).

2. The City of Vallejo is liable for actions of Defendants Knight, Long, Martinez and Does 1-20 because the City has a longstanding, practice, policy or custom of allowing police officers to use excessive force. Hunter v. County of Sacrameto, 652 F.3d 1225 (9th Cir. 2011).

3. Plaintiff is engaging in "Expressive Association" with her legal assistant "Frederick Marc Cooley" and Plaintiff requests that the Court recognizes her relationship with her legal assistant is protected by the First Amendment of the United States Constitution. Blaisdell v. Frappiea, 729 F.3d 1237 (9th Cir. 2013).

## STATEMENT OF CLAIMS

On Friday May 23, 2014, at approximately 4:30 p.m., Plaintiff a twenty-three year old black female was at her residence located at 812 ½ 5th Street, Vallejo, Ca 94590, on her first day off from her new job, when her down stairs neighbor (Christopher White) asked her if she could pull her car forward in their narrow drive way so he could pull his car out. At this time Plaintiff's five year old daughter and Mr. White's four year old daughter was outside playing, when all of a sudden, two marked City of Vallejo Police vehicles with two officers in each vehicle, quickly pulled into the driveway as Plaintiff was pulling her car forward. Defendant Vallejo Police Officer Knight Badge #550, Long Badge #661, Martinez #658 and John Doe #1 immediately got out of their vehicles with their guns drawn, repetitively yelling turn off the fucking vehicle! Plaintiff complied with the officer's commands as Defendants Knight, Long and Martinez continued to point their guns at her, her daughter, Mr. White and his daughter. Plaintiff's daughter was screaming Mommy! Mommy!, while more Defendant Vallejo Police Officers Does 2-20 came in additional cars including Doe #2 who jumped over a fence adjacent to Plaintiff's residence pointing guns at Plaintiff and her daughter. Plaintiff was detained at gun point for approximately 30 minutes before she was free to go on her way. Defendant Officers identified no reasonable suspicion or probable cause that Plaintiff was engaging in criminal activity to substantiate their purpose for detaining her and pointing guns at her.

1   Plaintiff is a member of a group of people and associate with City of Vallejo
2   residents who have sought, is seeking and/or will seek vindication of their Fourth
3   Amendment rights not to be subjected to unnecessary and excessive use of force by
4   Vallejo Police Officers. Group members are the following:

6   1. Alfred James Foy currently litigating claims against City of Vallejo, Vallejo
7   Police Officers J. Bauer, J. Huff, S. Yates, J. Whitney, and Fairfield Police Officer J.
8   Williams in Foy v. City of Vallejo, 2:11-cv-03262 MCE-CMK, alleging officers deployed
9   his taser in dart mode into plaintiff's arm while in a prone position, mauled by police
10  dog, kicked and beat Plaintiff with baton and/or flashlight resulting in Foy receiving
11  approximately 17 staples in the crown of his head, a broke jaw, a broke ankle ,
12  knocked unconscious and other injuries.

14  2. Frederick Marc Cooley recently settled claims against City of Vallejo, Vallejo
15  Police Officers Eric Jensen and Sean Kenney in Cooley v. City of Vallejo, 2:12-cv-
16  00591-LKK-AC, alleging officers beat Cooley with a flashlight breaking his hand and
17  other injuries.

19  3. David Michael Capenhurst currently litigating claims against City of Vallejo
20  Police Officers Eric Jensen and Steven Fowler in Capenhurst v. City of Vallejo, 2:13-
21  cv-01371-LKK-AC, alleging while Plaintiff was handcuffed and with provocation
22  Jensen struck Capenhurst in his head with a flashlight resulting in him receiving
23  approximately 5 staples in his head.

25  4. Anthony Tyrone Garrison currently litigating claims against City of Vallejo,
26  Vallejo Police Officers Bautista in Garrison v. City of Vallejo, 2:13-cv-00479-JAM-KJN
27  alleging Bautista kicked Plaintiff in the face while he lay down on the ground in a
28  prone position.

5. Tyrone Jerome Hicks currently litigating claims against City of Vallejo, Vallejo Police Officers Sean Kenney and Postolaki in Hicks v. City of Vallejo, et., al., 2:14-cv-0669-LKK-DAD, alleging that officer Kenney choked and restrained Plaintiff in to tight handcuffs, unlawfully arrested him, unlawfully impounded his vehicle and initiated a malicious prosecution against him and Postolaki failed to intercede.

6. Leon Jerome Martin currently litigating claims against City of Vallejo, Vallejo Police Officers P. Messina, T. Agustin, J. Huff and J. Bauer in Martin v. City of Vallejo, et., al., 2:14-cv-0554-JAM-DAD, alleging that officer P. Messina without warning deployed his taser in "dart mode" into Plaintiff's person, sprayed pepper spray into Plaintiff's face, released a K-9 onto Plaintiff's person mauling him in the face and body and beat Plaintiff with a flashlight. Officers T. Agustin, J. Huff and J. Bauer all punched and kicked Plaintiff while he was in a prone position.

7. Frederick Marceles Cooley currently litigating claims against City of Vallejo, Vallejo Police Officers Brett Clark and Dustin Joseph in Cooley v. City of Vallejo, et., al., 2:14-cv-00620-TLN-KJN, alleging that Defendant Joseph without warning intentionally deployed his taser in "dart mode" into Plaintiff forehead inches away from his right eye.

8. Frederick Marceles Cooley currently litigating claims against City of Vallejo, Vallejo Police Officer William Badour in Cooley v. City of Vallejo, et., al., 2:14-cv-00241-MCE-DAD, alleging that Defendant Badour placed Plaintiff in handcuffs extremely tight and refused to loosen the handcuffs after Plaintiff complained for approximately one hour.

In each of these cases, Frederick Marc Cooley is not a licensed attorney but he provides legal assistance that consist of but is not limited to researching case law, rules of the Court etc.., preparing and filing court documents, preparing and filing court documents, preparing legal correspondence, assisting in the discovery process, assisting in identifying discovery discrepancies, assisting during conferences between parties and the court and assisting during any trial or hearing set by the court. Plaintiff and his legal assist are engaging in "expressive association" protected by the First Amendment of the United States Constitution. See NAACP v. Button, 371 U.S. 415 (1963); Boy Scouts of America v. Dale, 530 U.S. 640 (2000); Rizzo v. Dawson, 778 F.2d 527; Blaisdell v. Frappiea 729 F.3d 1237 (9th Cir. 2013).

On August 23, 2013, Vallejo Police Officers Eric Jensen and Jason Potts were found liable in § 1983 action entitled Deocampo , et., al., v. Potts, et., al., 2:06:0283-WBS-CMK, for subjecting Deocampo to the use unnecessary and excessive force resulting in a monetary jury award.

In consideration of the totality of information, Plaintiff's personal experience and associations, Plaintiff believes and intends to prove that the City of Vallejo has a longstanding practice, pattern, policy or custom of allowing Vallejo Police Officers to use excessive force. Plaintiff further believes and intends to prove that City Police officers have injured and killed numerous citizens in 2001-2013 and none of the officers involved have been disciplined or retrained. Plaintiff also believes and intends to prove that members of the Vallejo Police Department, including Defendants Knight, Long, Martinez and Does 1-20 have engaged in a repeated practice of unreasonably detaining and using excessive force against individuals including plaintiff. As a matter of official policy "rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily the minority citizens who live in the City of Vallejo,

1  the City of Vallejo has allowed its citizens to be abused by police officers. Moreover,
2  Defendant Knight, Long, Martinez and Does 1-20 actions reflect a municipal practice,
3  pattern, policy or custom.

5  Prior to the incident at issue, on numerous occasions Plaintiff has observed
6  Vallejo Police Officers randomly stop pedestrians walking or citizens driving motor
7  vehicles between 5th & Cherry and 5th & Magazine Streets with no cause and subjected
8  each such individual to a search of their person and vehicle without consent.
9  .

11  At all times mentioned Defendant Knight Badge #550 was employed as a Vallejo
12  Police Officer and acting under the color of state law and is liable in his individual
13  capacity.

15  At all times mentioned Defendant Long Badge #661 was employed as a Vallejo
16  Police Officer and acting under the color of state law and is liable in his individual
17  capacity.

19  At all times mentioned Defendant Martinez Badge #658 was employed as a
20  Vallejo Police Officer and acting under the color of state law and is liable in his
21  individual capacity.

24  At all times mentioned Defendant Does 1-20 were employed as a Vallejo Police
25  Officers and acting under the color of state law and is liable in his individual capacity.

Defendant City of Vallejo is the employer of Defendant Long Badge #661, Martinez Badge #658 and Does 1-20 and at all times mentioned is liable in its official capacity.

**RELIEF**

Plaintiff is seeking compensatory and punitive damages. She is also seeking damages for emotional distress and demands a jury trial. Therefore, Plaintiff will be requesting that the court allow him to litigate his claims under federal law.

Date 6/10/14

_____
PLAINTIFF

**DECLARATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Date 6/10/14

_____
DECLARANT