1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LATASHA NICOLE CREER,                          No.  2:14-cv-1428 JAM DAD PS

12                     Plaintiff,

13            v.                                      FINDINGS AND RECOMMENDATIONS

14    CITY OF VALLEJO, et al.,

15                     Defendants.

16

17            Plaintiff, Latasha Creer, is proceeding in this action pro se.  This matter was, therefore,

18    referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

19    The action came before the court on October 25, 2014, for hearing of defendants' motion to

20    dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter

21    "Rule").  Assistant City Attorney Kelly Trujillo appeared telephonically on behalf of the

22    defendants and plaintiff Latasha Creer appeared in person on her own behalf.

23            For the reasons set forth below, the undersigned will recommend that defendants' motion

24    to dismiss be granted in part and denied in part.

25                                            BACKGROUND

26            Plaintiff commenced this action on June 16, 2014, by filing a complaint and a request to

27    proceed in forma pauperis.  (Dkt. Nos. 1 & 3.)  On July 24, 2014, the undersigned granted

28    plaintiff's motion to proceed in forma pauperis and ordered service of the complaint on the

1

1    defendants.  (Dkt. No. 3.)  On August 29, 2014, plaintiff filed an amended complaint.  (Dkt. No.

2    4.)

3         The amended complaint alleges, in relevant part, as follows.  On May 23, 2014, at

4    approximately 4:30 p.m., plaintiff was at her home on 812 ½ 5th Street in Vallejo, California

5    when plaintiff's neighbor asked her to move her car from their shared driveway.  (Am. Compl.

6    (Dkt. No. 4) at 2.[1])  As plaintiff was moving her car, two marked City of Vallejo Police vehicles

7    pulled into the driveway.  "Defendant Vallejo Police Officer[s] Knight Badge #550, Long Badge

8    #661 [and] Martinez #658" got out of their vehicles, drew their weapons and began "repetitively

9    yelling turn off the fucking vehicle!"  (Id.)  Plaintiff complied with the officer's demands "as

10   [d]efendants Knight, Long and Martinez continued to point their guns at [plaintiff]."[2]  (Id.)

11   Plaintiff "was detained at gun point for approximately 30 minutes" without "reasonable suspicion

12   or probable cause."  (Id. at 2-3.)

13        Pursuant to these factual allegations, plaintiff's amended complaint asserts causes of

14   action against defendants Knight, Long and Martinez pursuant to 42 U.S.C. § 1983 for the alleged

15   violations of plaintiff's rights under the Fourth Amendment "not to be unreasonably detained and

16   subjected to excessive force," as well as assault and battery claims under state law and a claim of

17   municipal liability pursuant to Monell v. Dept's of Soc. Servs. of the City of New York, 436 U.S.

18   658 (1978) against defendant City of Vallejo.  (Id. at 1.)

19        Defendants filed the pending motion to dismiss pursuant to Rule 12(b)(6) on September

20   23, 2014.  (Dkt. No. 6.)  Defendants' motion seeks dismissal of the amended complaint's claims

21

22

23   [1] Page number citations such as this one are to the page numbers reflected on the court's
     CM/ECF system and not to page numbers assigned by the parties.

24

25   [2] The amended complaint also alleges that a Doe defendant pointed a gun at plaintiff.  The
     naming of Doe defendants is not favored.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.

26   1980); Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).  However, in situations
     when the identity of the alleged defendants is unknown prior to the filing of the complaint, the

27   plaintiff should be given the opportunity through discovery to identify the unknown defendants,
     unless it is clear that discovery would not uncover their identities, or that the complaint would be

28   dismissed on other grounds.  Id.

2

1   for assault and municipal liability pursuant to <u>Monell</u>.[3]  Plaintiff filed an opposition to the motion

2   to dismiss on October 1, 2014.  (Dkt. No. 7.)  Defendants filed a reply on October 17, 2014.

3   (Dkt. No. 8.)

4   I.  <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)</u>

5       The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

6   sufficiency of the complaint.  <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir.

7   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

8   sufficient facts alleged under a cognizable legal theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901

9   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

10  relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A

11  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

12  the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v.</u>

13  <u>Iqbal</u>, 556 U.S. 662, 678 (2009).

14      In determining whether a complaint states a claim on which relief may be granted, the

15  court accepts as true the allegations in the complaint and construes the allegations in the light

16  most favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v.</u>

17  <u>United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

18  stringent standards than formal pleadings drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519,

19  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

20  form of factual allegations.  <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th

21  Cir. 1986).  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed

22  factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me

23  accusation."  <u>Iqbal</u>, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and

24  conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Twombly</u>, 550 U.S.

25

26  [3] Defendants' motion also seeks dismissal of the amended complaint's claim for battery against
    defendants Knight, Long and Martinez and the claim for punitive damages against the City of

27  Vallejo.  However, at the October 24, 2014 hearing plaintiff stated that she had no opposition to
    the dismissal of those claims.  The undersigned, therefore, will recommend that they be

28  dismissed.

1    at 555.  See also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action,

2    supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to

3    assume that the plaintiff "can prove facts which it has not alleged or that the defendants have

4    violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal.,

5    Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

6        In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

7    to consider material which is properly submitted as part of the complaint, documents that are not

8    physically attached to the complaint if their authenticity is not contested and the plaintiff's

9    complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,

10   250 F.3d 668, 688-89 (9th Cir. 2001).

11                                   ANALYSIS

12   I.   Assault

13       "'A civil action for assault is based upon an invasion of the right of a person to live

14   without being put in fear of personal harm.'"  Thing v. La Chusa, 48 Cal.3d 644, 649 (1989)

15   (quoting Lowry v. Standard Oil Co., 63 Cal. App.2d 1, 7 (1944)).  "The elements of civil assault

16   are:  demonstration of an unlawful intent by one person to inflict immediate injury on the person

17   of another then present."  Steel v. City of San Diego, 726 F.Supp.2d 1172, 1189 (S.D. Cal. 2010).

18   Put another way,

19           The essential elements of a cause of action for assault are:  (1)
             defendant acted with intent to cause harmful or offensive contact, or
20           threatened to touch plaintiff in a harmful or offensive manner; (2)
             plaintiff reasonably believed she was about to be touched in a
21           harmful or offensive manner or it reasonably appeared to plaintiff
             that defendant was about to carry out the threat; (3) plaintiff did not
22           consent to defendant's conduct; (4) plaintiff was harmed; and (5)
             defendant's conduct was a substantial factor in causing plaintiff's
23           harm.

24   Yun Hee So v. Sook Ja Shin, 212 Cal. App.4th 652, 668-69 (2013).  Where the claim is brought

25   against a police officer, the plaintiff must also prove that the officer used unreasonable force.  See

26   Avina v. United States, 681 F.3d 1127, 1130-31 (9th Cir. 2012); Evans v. City of San Diego, 913

27   F.Supp.2d 986, 999 (S.D. Cal. 2012); Ortega v. Rodenspiel, No. 10-CV-3239-YGR, 2012 WL

28   4761898, at *10 (N.D. Cal. Oct. 4., 2012); Edson v. City of Anaheim, 63 Cal. App.4th 1269,

1    1273 (1998).  "The tort of assault is complete when anticipation of harm occurs."  Kiseskey v.

2    Carpenters' Trust for S. Cal., 144 Cal. App.3d 222, 232 (1983).

3         Here, in her amended complaint plaintiff alleges as follows.  Defendants Knight, Long

4    and Martinez "got out of their vehicles with their guns drawn, repetitively yelling [at plaintiff to]

5    turn off the fucking vehicle!"  (Am. Compl. (Dkt. No. 4) at 2.)  "Plaintiff complied with the

6    officer's commands as Defendants Knight, Long and Martinez continued to point their guns" at

7    plaintiff.  (Id.)  Plaintiff was then "detained at gun point for approximately 30 minutes" without

8    "reasonable suspicion of probable cause."  (Id. at 2-3.)  It has been recognized that "'[t]he

9    pointing of a gun at another in a threatening manner' can constitute an assault under California

10   law."  Avina, 681 F.3d at 1133 n.5 (quoting Lowry, 63 Cal.App.2d at 7).  See also Young v. City

11   of Visalia, 687 F.Supp.2d 1155, 1166 (E.D. Cal. 2010) ("The pointing of a gun at an individual

12   has been noted to be a sufficient predicate for an assault claim.").

13        In moving to dismiss, defendants argue that the amended complaint's assault claim is

14   "devoid of essential factual elements" because the complaint "does not allege that the officers

15   intended to cause harmful conduct or whether [plaintiff] reasonably believed she was about to be

16   touched."  (Defs.' MTD (Dkt. No. 6) at 5.)  Defendants contend that "[w]ithout factual

17   development, defendants are left guessing as to plaintiff's claims."  (Id.)

18        As stated by another judge of this court in a similar context, defendants' argument

19                improperly elevates form over substance.  In practice, a complaint .
20                . . must contain either direct or inferential allegations respecting all
                 the material elements necessary to sustain recovery under some
                 viable legal theory.  The [complaint] need not directly allege [the
21                defendant] 'threatened to touch plaintiff in a harmful or offensive
                 manner.'  Such intent may be inferred from the facts that are
22                alleged in the [complaint].

23   Rodriguez v. City of Modesto, No.1:10-CV-1370 LJO MJS, 2013 WL 6415620, at *9 (E.D. Cal.

24   Dec. 9, 2013) (holding that "inference may be easily drawn from" allegations in the complaint

25   that the defendant was threatening to use his police dog to touch the plaintiff in a harmful or

26   offensive manner).  See generally Robinson v. Solano County, 278 F.3d 1007, 1014 (9th Cir.

27   2002) ("the pointing of a gun has been held to violate even the more rigorous standard applicable

28   . . . when plaintiffs were required to establish conduct so excessive that it 'shocked the

1    conscience'"); see also Holland ex rel. Overdorff v. Harrington, 268 F.3d 1179, 1192, 1194 (10th

2    Cir. 2001) ("The display of weapons, and the pointing of firearms directly at persons inescapably

3    involves the immediate threat of deadly force" and "expletives communicate very little of

4    substance beyond the officer's own personal animosity, hostility or belligerence").

5         In this regard, "'[p]leadings need suffice only to put the opposing party on notice of the

6    claim . . . . Specific legal theories need not be pleaded so long as sufficient factual averments

7    show that the claimant may be entitled to some relief.'"  Austin v. Terhune, 367 F.3d 1167, 1171

8    (9th Cir. 2004) (quoting Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001)).  Moreover, a civil

9    rights complaint filed by a plaintiff proceeding pro se "need not identify the statutory or

10   constitutional source of the claim raised in order to survive a motion to dismiss."  Alvarez v. Hill,

11   518 F.3d 1152, 1157 (9th Cir. 2008).  See also Willis v. City of Salem, Or., 404 Fed. Appx. 116,

12   116-17 (9th Cir. 2010) ("Although Willis's complaint does not expressly refer to the Fourth

13   Amendment, it alleges facts that the officers used excessive force in the course of an investigatory

14   stop and arrest.  Under Federal Rule of Civil Procedure 8, those allegations are sufficient.")[4];

15   Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights

16   cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must

17   afford plaintiff the benefit of any doubt.").  "[A] complaint may survive a motion to dismiss only

18   if, taking all well-pleaded factual allegations as true, it contains enough facts to 'state a claim to

19   relief that is plausible on its face.'"  Hebbe v. Pliler, 627 F.3d 338, 341-42 (9th Cir. 2010)

20   (quoting Iqbal, 556 at 678).  See also Orchard Supply Hardware LLC v. Home Depot USA, Inc.,

21   967 F.Supp.2d 1347, 1354 (N.D. Cal. 2013) ("To survive a motion to dismiss, a pleading must

22   allege enough fact to raise a reasonable expectation that discovery will reveal evidence to support

23   the allegations.").

24        Here, the undersigned finds that, liberally construed, plaintiff's pro se complaint alleges

25   sufficient facts to put defendants Knight, Long and Martinez on notice of plaintiff's assault claim

26   under state law and states a claim to relief that is plausible on its face.  Accordingly, the

27   _____

28   [4]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

1  undersigned recommends that defendants' motion to dismiss the amended complaint's assault

2  claim against defendants Knight, Long and Martinez be denied.

3  II.    Monell Claim

4      In moving to dismiss defendants also argue that plaintiff's amended complaint fails to

5  allege a cognizable claim against the City of Vallejo pursuant to Monell v. Department of Social

6  Services, 436 U.S. 658, 690-91 (1978).  (Defs.' MTD (Dkt. No. 6) at 5-7.)  Under the decision in

7  Monell a municipality may be liable under § 1983 where the municipality itself causes the

8  constitutional violation through a "policy or custom, whether made by its lawmakers or those

9  whose edicts or acts may fairly be said to represent official policy[.]"  Monell, 436 U.S. at 694.

10  Therefore, municipal liability in a § 1983 case may be premised upon:  (1) an official policy; (2) a

11  "longstanding practice or custom which constitutes the standard operating procedure of the local

12  government entity;" (3) the act of an "official whose acts fairly represent official policy such that

13  the challenged action constituted official policy;" or (4) where "an official with final policy-

14  making authority delegated that authority to, or ratified the decision of, a subordinate."  Price v.

15  Sery, 513 F.3d 962, 966 (9th Cir. 2008).

16      "A custom or practice can be inferred from widespread practices or evidence of repeated

17  constitutional violations for which the errant municipal officers were not discharged or

18  reprimanded."  Hunter v. County of Sacramento, 652 F.3d 1225, 1233 (9th Cir. 2011).  See also

19  Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005); Gillette v. Delmore, 979 F.2d

20  1342, 1349 (9th Cir. 1992) ("A section 1983 plaintiff may attempt to prove the existence of a

21  custom or informal policy with evidence of repeated constitutional violations for which the errant

22  municipal officials were not discharged or reprimanded."); McRorie v. Shimoda, 795 F.2d 780,

23  784 (9th Cir. 1986) ("Policy or custom may be inferred if, after the shakedown, the prison

24  officials took no steps to reprimand or discharge the guards, or if they otherwise failed to admit

25  the guards' conduct was in error.").

26      "To survive a motion to dismiss, 'a bare allegation that government officials' conduct

27  conformed to some unidentified government policy or custom' is insufficient; instead, plaintiffs'

28  complaint must include 'factual allegations that . . . plausibly suggest an entitlement to relief,

7

1   such that it is not unfair to require the opposing party to be subjected to the expense of discovery

2   and continued litigation.'"  Shelley v. County of San Joaquin, 954 F. Supp.2d 999, 1009 (E.D.

3   Cal. 2013) (quoting AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)).

4   Cf. Thomas v. City of Galveston, Texas, 800 F.Supp.2d 826, 842-43 (S.D. Tex. 2011) ("In the

5   context of municipal liability, as opposed to individual officer liability, it is exceedingly rare that

6   a plaintiff will have access to (or personal knowledge of) specific details regarding the existence

7   or absence of internal policies or training procedures prior to discovery.  Accordingly, only

8   minimal factual allegations should be required at the motion to dismiss stage.  Moreover, those

9   allegations need not specifically state what the policy is, as the plaintiff will generally not have

10   access to it, but may be more general.").

11       Here, plaintiff's amended complaint sets forth the factual allegations concerning

12   plaintiff's interactions with defendants Knight, Long and Martinez and then identifies eight other

13   civil rights actions of which plaintiff is aware of brought against police officers of the City of

14   Vallejo that are either currently pending or have been settled, all involving allegations of the

15   excessive use of force.  (Am. Compl. (Dkt. No. 4) at 3-5.)  In her amended complaint plaintiff

16   also identifies another action which concluded in a jury finding that City of Vallejo police officers

17   used excessive force against the plaintiff.  (Id. at 5.)

18       Additionally, in her amended complaint plaintiff alleges that "the City of Vallejo has a

19   longstanding practice, pattern, policy or custom of allowing Vallejo Police Officers to use

20   excessive force."  (Id.)  The amended complaint states that plaintiff "believes and intends to

21   prove" that members of the City of Vallejo Police Department, "including Defendants Knight,

22   Long [and] Martinez" have engaged in "a repeated practice of unreasonably detaining and using

23   excessive force against individuals including plaintiff."  (Id. at 6.)  According to plaintiff, as a

24   result of these incidents, "City [of Vallejo] Police officer have injured and killed numerous

25   citizens in 2001-2014 and none of the officers involved have been disciplined or retrained."  (Id.

26   at 5-6.)  Plaintiff alleges that "on numerous occasions" she has "observed Vallejo Police Officers

27   randomly stop" people "with no cause" and subject those people "to a search of their person and

28   vehicle without consent."  (Id. at 6.)  Plaintiff also alleges that the City of Vallejo's indifference

1    to the conduct of the police stems from "an entrenched posture of deliberate indifference to the

2    constitutional rights of primarily the minority citizens who live in the City of Vallejo" and that

3    "the City of Vallejo has allowed its citizens to be abused by police officers."[5]  (Id.)

4           Presented with similar allegations, courts throughout California have found that a

5    cognizable Monell claim has been stated.  As one judge of this court recently observed in denying

6    a motion to dismiss such a claim:

7            The FAC alleges that before the incident underlying this action took
         place, policymakers at the City, including Chief Kreins, knew of
8         instances in which Officer Kenney and other officers shot
         individuals who did not pose a threat, including victims who were
9         disabled, knew the shootings were unlawful and outside the
         accepted law enforcement standards, and yet took no action to
10        correct training programs or policies and procedures that allowed
         such shootings to take place.  The FAC specifically alleges, that
11        despite this information, the City took no action to adequately
         investigate, supervise, discipline, or train Officer Kenney or the
12        other officers.  Furthermore, the FAC alleges that the actions of the
         officers in this case were carried out pursuant to customs and
13        practices within the Vallejo Police Department, which are listed in
         detail in the FAC.  The FAC alleges these failures and customs and
14        practices 'were a moving force and/or a proximate cause of the
         deprivations of Plaintiffs' constitutional rights.  The Court finds
15        such factual allegations adequately allege a claim for Monell
         liability.

16

17   Moore v. City of Vallejo, --- F. Supp.3d ---, ---, No. 2:14-cv-0656 JAM KJN, 2014 WL 5325461,

18
     _____

19   [5] "[A] plaintiff suing a municipality must provide fair notice to the defendant, and this requires
     more than genetically restating the elements of municipal liability.  Allegations that provide such
20   notice could include, but are not limited to, past incidents of misconduct to others, multiple harms
     that occurred to the plaintiff himself, misconduct that occurred in the open, the involvement of
21   multiple officials in the misconduct, or the specific topic of the challenged policy or training
     inadequacy."  Thomas, 800 F.Supp.2d at 843-44.  See also Guevara v. County of Los Angeles,
22   No. CV 14-8120 DPP (MANx), 2015 WL 224727, at *3-4 (C.D. Cal. Jan. 15, 2015) (relying on
     the decision in Thomas and finding complaint stated a Monell claim); Taylor v. RED
23   Development, LLC, No. 11-2178 JWL, 2011 WL 3880881, at *4 (D. Kan. Aug. 31, 2011)
24   ("[P]laintiffs here have done more than simply allege that the individual officers' conduct
     conformed to official policy or practice; rather, they have identified a specific practice to which
25   the officers' conduct allegedly conformed – namely, the purposeful targeting and detention of
     African-American shoppers despite the absence of probable cause to believe that such shoppers
26   engaged in shoplifting activities.  While it is true that plaintiffs do not include in their complaint
     additional instances of officers targeting African-American shoppers without probable cause, that
27   omission is not fatal under Iqbal because it is unlikely that plaintiffs would have access to such
28   information at the pleading stage").

1   at *4 (E.D. Cal. Oc. 17, 2014).  See also Hicks v. City of Vallejo, No.2:14-cv-0669 DAD, 2015

2   WL 3403020, at *9 (E.D. Cal. May 26, 2015) (finding that similar allegations stated a cognizable

3   Monell claim); Guevara v. County of Los Angeles, No. CV 14-8120 DDP (MANx), 2015 WL

4   224727, at *4 (C.D. Cal. Jan. 15, 2015) ("the Court here finds that Plaintiff's reference to other

5   cases is in the nature of an allegation that those cases show a policy, custom, or practice . . . and

6   that allegation, coupled with reasonably specific language in the general allegations, is enough to

7   state a claim"); Solis v. City of Vallejo, No. 2:14-cv-0483 KJM KJN, 2014 WL 2768847, at *6

8   (E.D. Cal. Jun3 17, 2014); IDC v. City of Vallejo, No. 2:13-cv-1987 DAD, 2014 WL 2567185, at

9   *6 (E.D. Cal. June 6, 2014); Howard v. City of Vallejo, No. CIV. S-13-1439 LKK KJN, 2013

10  WL 6070494, at *4 (E.D. Cal. Nov. 13, 2013) (allegations that city failed to discipline officers for

11  prior misconduct was "sufficient to give the City fair notice of plaintiff's claim that the City has a

12  policy of deliberate indifference to a pattern and practice of excessive use of force and other

13  violations of the constitutional rights of citizens by City police officers, particularly minority

14  citizens, that is manifested in its failure to discipline or retrain officers involved in such

15  incidents"); Bass v. City of Fremont, No. C12-4943 TEH, 2013 WL 891090, at *4 (N.D. Cal.

16  Mar. 8, 2013) (allegations of officers "engaged in a pattern and practice of using unnecessary and

17  excessive force and falsely reporting crimes, and that the municipal entities demonstrated

18  deliberate indifference to this pattern and practice of constitutional violations" found to be

19  "plausible and ... sufficient to give the municipal entities notice of the specific policies, customs,

20  and practices that are alleged to have caused the deprivation of Bass's rights"); Wise v. Nordell,

21  No. 12-CV-1209 IEG (BGS), 2012 WL 3959263, at *9 (S.D. Cal. Sept. 10, 2012) ("Plaintiffs

22  allege that Nordell acted contrary to county policy and violated their constitutional rights, that he

23  has acted in this manner for years, and that the County has condoned his conduct.  Taking these

24  allegations as true, Plaintiffs have sufficiently alleged a claim for municipal liability under

25  Monell."); East v. City of Richmond, No. C 10-2392 SBA, 2010 WL 4580112, at *4 (N.D. Cal.

26  Nov. 3, 2010) ("[T]he FAC alleges that Chief Magnus knew of other, repeated acts of misconduct

27  by Officers Hauschild and Souza, but yet, failed to take any corrective action against these

28  officers.  Such allegations are sufficient to state a plausible claim for liability under Monell.").

10

1    The undersigned finds the reasoning of the cases cited above to be persuasive and,

2   applying the standards applicable to a motion to dismiss, finds that the allegations of plaintiff's

3   second amended complaint state a cognizable <u>Monell</u> claim against the City of Vallejo.

4   Accordingly, defendants' motion to dismiss the second amended complaint's <u>Monell</u> claim

5   against defendant City of Vallejo should be denied.

6                                  CONCLUSION

7    Accordingly, IT IS HEREBY RECOMMENDED that:

8    1.  Defendants' September 23, 2014 motion to dismiss (Dkt. No. 6) be granted as to the

9   amended complaint's state law battery claim against defendants Knight, Long and Martinez as

10   well as with respect to the punitive damages claim against defendant City of Vallejo;

11    2.  Defendants' September 23, 2014 motion to dismiss (Dkt. No. 6) be denied in all other

12   respects; and

13    3.  Defendants be directed to file an answer to the amended complaint within 14 days of

14   the date of any order adopting these findings and recommendations.

15    These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17   after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20   shall be served and filed within seven days after service of the objections.  The parties are advised

21   that failure to file objections within the specified time may waive the right to appeal the District

22   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

23   Dated:  June 16, 2015

24   

25   _____

     DALE A. DROZD
26   UNITED STATES MAGISTRATE JUDGE
     DAD:6
     Ddad1\orders.pro se\creer1428.mtd.f&rs..docx
27

28

11