UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATASHA NICOLE CREER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, et al.,<br><br>Defendants. | No. 2:14-cv-1428 JAM DB PS<br><br><br><br>ORDER |

On November 21, 2016, plaintiff filed a motion to compel. (ECF No. 57.) On November 23, 2016, plaintiff delivered to defendants a notice of intent to file confidential documents protected by the August 20, 2016 protective order. (ECF No. 59 at 6.) On December 2, 2016, defendants filed a request that those confidential documents be filed under seal. (Id. at 1.)

Requests to seal documents in this district are governed by E.D. Cal. R. ("Local Rule") 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. Local Rule 141(a). However, a mere request to seal is not enough under the local rules. "In particular, Local Rule 141(b) requires that the 'Request to Seal Documents' shall set forth the *statutory or other authority for sealing*[.]" Patriot Rail Corp. v. Sierra Railroad Company, No. 2:09-cv-0009 TLN AC, 2016 WL 492702, at *3 (E.D. Cal. Feb. 9, 2016) (emphasis in original) (citation omitted).

////

1

The court starts "'with a strong presumption in favor of access to court records.'" Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy. Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, where the material is, at most, "tangentially related to the merits of a case," the request to seal may be granted on a showing of "good cause." Id. at 1097-1101.

Here, the items sought to be filed under seal concern the parties' discovery dispute and appear to be only tangentially related to the merits of this action. Therefore, the "good cause" standard applies. See Foltz, 331 F.3d at 1135 ("In short, 'good cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."). Moreover, a review of the items sought to be filed under seal finds that they include documents and videos related to criminal and civil investigations of non-parties, including juveniles, and Vallejo Police Department Internal Affairs investigations.

In this regard, the undersigned finds good cause to grant defendants' motion.[1]

Accordingly, IT IS HEREBY ORDERED that:

    1) Defendants' December 2, 2016 request to seal (ECF No. 59) is granted;

////

////

////

---

[1] Why plaintiff seeks to file these documents in support of a motion to compel is far from clear. In this regard, plaintiff is cautioned that her filings should not include unnecessary or inappropriate attachments and should instead focus on providing important facts and persuasive arguments.

1    2)  Defendants shall contact the Clerk of the Court to submit the appropriate items
2    for filing under seal; and
3    3)  Plaintiff shall not file on the public docket any item ordered filed under seal.
4    Dated:  December 5, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\creer1428.req.seal.grt